**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMIEL DOWDY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 25-58** |
| | : | |
| **TINA WALKER, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA** | : | |

# ORDER

**AND NOW**, this 16th day of September 2026, upon careful and independent review of the Petition for writ of habeas corpus from a state court conviction under 28 U.S.C. § 2254 (ECF 1), Petitioner's Memorandum (ECF 14), the Response (ECF 30), Exhibits (ECF 35) Judge Reid's exhaustive Report recommending we deny the Petition (ECF 38), Petitioner's four Objections (ECF 41), finding no merits in the four Objections largely repeating arguments presented to Judge Reid by way of disagreement with his findings, having studied all documents in the record including relating to the objections on a de novo standard of review, finding no basis for an evidentiary hearing or for a certificate of appealability, and for good cause, it is **ORDERED** we:

1. **OVERRULE** Petitioner's Objections (ECF 41)[1];

2. **APPROVE AND ADOPT** Judge Reid's comprehensive Report and Recommendation (ECF 38);

3. **DISMISS** and **DENY** the Petition for writ of habeas corpus (ECF 1) with prejudice;

4. **DENY** a certificate of appealability after finding no basis for an evidentiary hearing[2]; and,

5. **DIRECT** the Clerk of the Court **close** this case.

KEARNEY, J.

---

[1] The incarcerated Jamiel Dowdy sought habeas relief on six grounds challenging his state court conviction. ECF 1. We referred his grounds to Judge Reid for study leading to a report and recommendation. ECF 6. Judge Reid reviewed a fully developed fact record from the state court. Judge Reid issued a comprehensive analysis of Mr. Dowdy's six grounds before recommending we deny his petition for habeas relief. ECF 38. Mr. Dowdy, after an extension of time, objects to Judge Reid's recommendation on four grounds. ECF 41.

We now must address Mr. Dowdy's four objections to Judge Reid's extensive Report. Congress requires we conduct a de novo review of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). We "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* We may not expand the state court record where Mr. Dowdy "failed to develop the factual basis of a claim in State court proceedings" unless Mr. Dowdy meets Congress's stringent requirements of section 2254(e). Congress through section 2254(e)(2) speaks in mandatory terms: we "shall not hold an evidentiary hearing unless [Mr. Dowdy] shows that—(A) the claim relies on—(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence" ***and*** "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2); *Shinn v. Ramirez*, 596 U.S. 366, 388 (2022). The requirements of section 2254(e)(2) also apply in the context of a hearing under *Martinez v. Ryan*, 566 U.S. 1 (2012). *See Shinn*, 596 U.S. at 388. Mr. Dowdy does not meet Congress's section 2254(e) requirements.

We address each of Mr. Dowdy's objections. We find no basis in an objection based upon Judge Reid's exhaustive analysis.

*First objection*: Mr. Dowdy first objects to Judge Reid's finding of no prejudice based upon trial counsel's decision to not object and request a mistrial based upon witness inconsistent statements. We disagree with Mr. Dowdy. We cannot find trial counsel ineffective for deciding to not object when an adverse witness is impeached on the stand. Counsel is not ineffective when she decides not to pursue a meritless objection to an inconsistent statement from an adverse witness. We agree with Judge Reid as to the Pennsylvania Superior Court's conclusion of trial counsel not being ineffective in deciding to not challenge this statement. Trial counsel cannot be found deficient under federal law based on a litigation choice to not object to underlying testimony when there is no strategic basis to do so. *Gaines v. Superintendent Benner Township SCI,* 33 F.4th 705, 712 (3d Cir. 2022).

*Second objection*: Mr. Dowdy objects to Judge Reid's finding his trial counsel did not provide ineffective assistance of counsel by not preserving and litigating a claim of insufficient

evidence to convict Mr. Dowdy of sexual assault, indecent assault, and terroristic threats based upon a lack of evidence and because the claims procedurally defaulted. We disagree with Mr. Dowdy. Judge Reid specifically reviewed these same arguments raised in Mr. Dowdy's petition. ECF 38 at 8 (citing ECF 14 at 21-5). Mr. Dowdy raised the same arguments to Judge Reid. Judge Reid found the Superior Court addressed this claim on the postconviction appeal and rejected it as non-cognizable. We agree with Judge Reid the rules governing postconviction petitions are independent and adequate state procedural rules and noncompliance with result in procedural default and bar federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Nara v. Frank*, 488 F.3d 187, 199 (3d Cir. 2007); *Szuchon v. Lehman*, 273 F.3d 299, 327 (3d Cir. 2001); *Bronshtein v. Horn*, 404 F.3d 700, 707 (3d Cir. 2005).

Mr. Dowdy attempts to change his claim by way of objection. He now focuses away from error by the postconviction court as argued in his claim (ECF 14) and instead changes his argument to be an ineffective assistance claim. But he does not raise an ineffective assistance claim other than to suggest a claim not raised in the state court can be raised under *Martinez v. Ryan*, 566 U.S. 1 (2012). But Mr. Dowdy did not raise a claim of ineffective assistance related to the trial counsel's or postconviction counsel's alleged ineffectiveness relating to the sufficiency of the evidence. Mr. Dowdy's sole ground for habeas relief is the trial court erred when it found sufficient evidence to convict when there was no evidence. We cannot create new claims for Mr. Dowdy not raised in his habeas petition. *Catanch v. Larkins*, No. 98-85, 1999 WL 529036, at *3 (E.D. Pa. July 23, 1999) (citing *Martinez v. United States*, No. 94–5782, 1995 WL 572913, at *11, n. 6, 9 (E.D. Pa. Sept. 28, 1995), *aff'd*, 92 F.3d 1173 (3d Cir.1996), *cert. denied*, 522 U.S. 843(1997) (district court will not examine issues raised for the first time in objections to Magistrate Judge's Report, particularly when those issues "could establish an entirely new basis for a habeas petition")).

*Third objection*: Mr. Dowdy objects to Judge Reid's finding of no denial of due process under the Fourteenth Amendment or a right to fair trial when the Commonwealth allegedly withheld exculpatory evidence and did not correct the testimony of its trial witness. ECF 41. Mr. Dowdy raised this claim as ground four in his habeas petition. ECF 1 at 15. Judge Reid specifically addressed Mr. Dowdy's concerns. He found the Pennsylvania Superior Court applied federal precedent under *Brady v. Maryland*, 373 U.S. 83 (1963). He further found the Superior Court's ruling consistent with federal law under *Brady*. Judge Reid further found the Pennsylvania Superior Court properly applied the Supreme Court's guidance in *Napue v. Illinois*, 360 U.S. 264 (1959). Mr. Dowdy would need to show the Commonwealth knowingly solicited false testimony or knowingly allowed it to go uncorrected to prove a violation. The Superior Court found Mr. Dowdy did not demonstrate the Commonwealth deliberately used perjured testimony. Mr. Dowdy asks us to reverse the decision of the Pennsylvania Superior Court finding there is no violation of *Brady* or *Napue* with respect to the witness's testimony about the events after the assault. The claim is meritless. We overrule the objection fulsomely addressed by Judge Reid and as raised as Ground Four in Mr. Dowdy's habeas petition. ECF 1 at 15.

*Fourth objection.* Mr. Dowdy lastly objects to Judge Reid's rejecting his claim of his trial counsel's ineffectiveness for not objecting to allegedly false information relied upon in a search warrant and for not having this information suppressed. Mr. Dowdy concedes the detective

who took the statements had no way of knowing the witness would not be then untruthful. Mr. Dowdy offers no further grounds. We overrule this objection.

[2] We find no basis for a certificate of appealability. A certificate of appealability may issue only if Mr. Dowdy makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Dowdy satisfies this standard by showing "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists could not disagree with our resolution of Mr. Dowdy's claims.

Although Mr. Dowdy did not request an evidentiary hearing, we find "[t]he record conclusively shows [he] is entitled to no relief" and "[n]o hearing is necessary to rule on this matter." *United States v. Maldonado*, No. 10-288, 2016 WL 4206371, at *6 (E.D. Pa. Aug. 9, 2016) (citing 28 U.S.C. § 2255(b)).